UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Deago Evan Fox, also known as,             Civil No. 14-3125 (ADM/FLN)
Brendan Evan Hole,

           Plaintiff,

           v.            **REPORT AND RECOMMENDATION**

Lower Sioux Tribal Court, and,
Judge Andrew Small,

           Defendants.

_____

This matter came before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), by which he is seeking leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(a)(1) (allowing an indigent litigant to proceed in district court without prepaying the full filing fee). Because Plaintiff is currently a prisoner and he has named a governmental entity and a governmental officer as defendants, his Complaint is also subject to a "screening" review under 28 U.S.C. § 1915A(a). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

## I. BACKGROUND

Plaintiff is currently a prisoner in the United States Prison in Lewisburg, Pennsylvania. The allegations in Plaintiff's Complaint (ECF No. 1 ("Compl.")) are somewhat vague, leaving the precise context of his claims unclear. However, the essence of Plaintiff's Complaint is that the Defendants, Judge Andrew Small and the Lower Sioux Tribal Court, made several rulings against

him during a tribal court matter involving his spouse's application for an order for protection on behalf of herself and one or more of Plaintiff's minor children. (Compl. § IV; *id.*, Ex. A; *id.*, Ex. B.) Plaintiff alleges that Judge Small and the Tribal Court were biased against him, refused to appoint counsel to represent him, conducted proceedings without providing him an opportunity to be heard, and denied or ignored several of his motions. (*See id.* § IV (asserting bias, prejudice, and refusal to appoint counsel); *id.*, Ex. A (asserting violation of right to counsel); *id.*, Ex. B at 2-4 (alleging holding hearings without providing Plaintiff an opportunity to raise defenses and denial of and failure to address motions).) Plaintiff's Complaint also includes allegations against his own attorney, identified as Tammy Swanson, and against the Director for Lower Sioux Social Services, identified as Thomas Williams. (*Id.* at 4, § III.B. "Additional Defendants" (naming Swanson and Williams); *id.* at 5, § IV.) The only allegations Plaintiff makes against these individuals are: (1) that Mr. Williams failed to carry out his duties as the director of the Lower Sioux Social Services program by failing to send court papers to Plaintiff; and (2) that Ms. Swanson failed to "share" evidence and witnesses with Plaintiff. (*Id.* at 5, § IV.)

Although not part of the Complaint, Plaintiff also filed a document entitled "Statement of the Case" on September 15, 2014, which provides some further context to his claims and may have been filed in connection with a motion to amend the pleadings. (ECF No. 12 (Statement of the Case0; ECF No. 10 (Motion to Alter, Amend, or Supplement Pleadings).) In his "Statement of the Case," Plaintiff explains that in May 2011, he was facing charges in North Carolina for a domestic abuse incident involving his wife. As a result of that case, Plaintiff's children were placed into the custody of the Department of Social Services until the child-protection proceedings were transferred to the Lower Sioux Court in Minnesota in September 2011. (*Id.* at 1.) In late 2011, Plaintiff turned himself in to federal authorities for an open search warrant, and he eventually pleaded guilty to

federal criminal charges resulting in a sentence of imprisonment being imposed on January 3, 2012. (*Id.*)[1] On April 18, 2012, during a Tribal Court hearing at which Plaintiff appeared by telephone, Plaintiff asserts that it became clear several hearings had taken place since he was sentenced without his knowledge or opportunity to appear. (*Id.* at 2.) Throughout 2012 and in June 2013, Judge Small made several rulings that were unfavorable to Plaintiff in the Tribal Court custody matter. (*Id.*) And in April 2014, Plaintiff asserts that he and his "counselor Mr. Zegarski made several attempts to reach the [Tribal Court during a scheduled hearing] via phone[, but the] Court did not answer or return any of the messages left by Mr. Zegarski." (*Id.*)

In the prayer for relief in Plaintiff's Complaint, Plaintiff asks this Court to review his tribal court case to ensure that his rights are not being violated and to either change the venue of the tribal court matter or assign a new judge to hear that case. (Compl. § V.)

## II.  DISCUSSION

**A.     Applicable Legal Standards**

Because Plaintiff is a prisoner who is seeking redress from a governmental entity and a governmental officer, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, or if the named Defendant is immune from suit, the action must be dismissed. 28

---

[1] *See United States v. Hole*, 502 Fed. App'x 329 (4th Cir. 2013) (per curiam) (affirming Plaintiff's conviction for felon-in-possession charges and dismissing his appeal of a 70-month sentence due to waiver of his right to appeal the sentence).

U.S.C. § 1915A(b)(1)-(2).

Plaintiff has also identified at least one individual that is not a governmental entity or official in his Complaint—his attorney Tammy Swanson. His claims against Ms. Swanson are also subject to an initial screening, and potential dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B). Under section 1915(e)(2)(B)(ii), for example, the Court must dismiss a case if, at any time, it determines that the action fails to state a claim on which relief may be granted.

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant or defendants violated his federal constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County*, 954 F.Supp. 1392, 1397 (D. Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's *personal* involvement in alleged constitutional wrongdoing. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999); *see also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because the plaintiff's complaint "failed to allege sufficient personal involvement by any of the defendants to support such a claim"). Thus, to state an actionable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, while acting under color of state law, which purportedly violated the plaintiff's federal constitutional rights.

**B.     Claims Against Defendant Judge Andrew Small**

Plaintiff's claims against Defendant Judge Andrew Small lack any specificity. In the body of the Complaint, Plaintiff makes only vague and conclusory allegations that Judge Small was biased against him, that the judge violated his constitutional rights, and that he failed to appoint the Plaintiff counsel during a child custody proceeding in tribal court. In the Exhibits attached to the Complaint, Plaintiff adds very little to his claims against Judge Small, asserting only that the Judge issued an order for protection against Plaintiff and in favor of his wife without providing him an "opportunity to appear in open court." (Compl., Ex. B at 2.) Plaintiff seeks injunctive relief against Judge Small that would remove the judge from Plaintiff's tribal court child-custody case and, presumably, overturn one or more of Judge Small's rulings. (*Id.* at 5, § V (Request For Relief).)

Because Plaintiff's claims against Judge Small concern his official actions as a judicial officer, they must be dismissed. Judge Small is absolutely immune from suit under § 1983 for such actions. Judges are not liable for judicial acts, even if those acts exceed their jurisdiction, "and are alleged to have been done maliciously or corruptly." *Edlund v. Montgomery*, 355 F. Supp. 2d 987, 990 (D. Minn. 2005). This type of immunity cuts off a lawsuit against a judge at its outset, acting as an immunity from being sued, "'not just from ultimate assessment of damages.'" *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Absolute judicial immunity applies whether the plaintiff seeks injunctive relief or claims for money damages. *Id.* (citing *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000) (per curiam), and *Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1392 (9th Cir. 1987)). Tribal judges, like Judge Small, are entitled to the same absolute judicial immunity that shields state and federal court judges from suit. *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (concluding that a tribal court judge has absolute judicial immunity as a result of federal policy encouraging tribal self-government and self-determination). Due to the

fact that all of Plaintiff's allegations against Judge Small relate directly to the Judge's official actions as a judicial officer for which he has absolute immunity, the Complaint fails to state a claim against him. Accordingly, this Court concludes that the claims against Judge Small must be dismissed.

### C. Claims Against Lower Sioux Tribal Court

The Complaint includes no specific factual allegations against the Lower Sioux Tribal Court. Even through the most charitable reading of Plaintiff's pleadings, it appears he simply disagrees with the decisions Judge Small reached as an officer of the Tribal Court the child-custody matter Plaintiff references in his Complaint. In fact, Plaintiff's only reference to the Tribal Court in the Complaint is as Judge Small's employer. (*See* Compl. at 4, § III.B. (listing Judge Small's employer's address as that for the Tribal Court).) To the extent Plaintiff is attempting to sue the Tribal Court on the basis that it is liable for any of Judge Small's acts by virtue of being his employer, such claims must be dismissed because "respondeat superior [liability] is inapplicable to claims under . . . § 1983." *Bell v. Kansas City Police Dep't*, 635 F.3d 346, 347 (8th Cir. 2011). Further, even if supervisory liability could be applied in the context of a case such as this, Plaintiff failed to allege any facts that could give rise to such a claim for the Tribal Court. *See Pool v. Mo. Dep't of Corr. & Human Res.*, 883 F.2d 640, 645 (8th Cir. 1989) (discussing supervisory liability). For these reasons, Plaintiff has failed to state a claim against the Lower Sioux Tribal Court and his Complaint against this Defendant must be dismissed.

### D. Claims Against Thomas Williams

Plaintiff's claims against Thomas Williams, the Director for Lower Sioux Social Services, are that he failed to follow court orders and failed to send certain items to Plaintiff. These conclusory allegations are devoid of the type of historical facts that can give rise to a plausible

entitlement to relief. Nor has Plaintiff identified any federal constitutional provision that is plausibly implicated by these allegations. For example, he has not alleged facts that would show that Mr. Williams' alleged refusal to send items to Plaintiff have prevented him from obtaining access to the Tribal Court. Though not a part of his Complaint, but as alleged in Plaintiff's self-styled "Statement of the Case," the only items Mr. Williams has purportedly failed to send to Plaintiff are photographs of his children.[2] (ECF No. 12 at 2 ("[Plaintiff] was informed that Mr. Williams, the Lower Sioux Social Services Director would send [photographs of Plaintiff's children to him. . . . [Plaintiff] has not received them as of the date of this petition.").) Even considering these additional allegations Plaintiff could not plausibly allege that he was deprived of any right, privilege, or immunity protected by the United States Constitution by Mr. Williams' failure to send such photographs to him. *See Madewell*, 909 F.2d at 1208 (explaining that "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution). Accordingly, Plaintiff has failed to state a claim against Thomas Williams, and his claims against Mr. Williams must be dismissed.

**E.     Claims Against Tammy Swanson**

Plaintiff has also failed to state a claim against his attorney Tammy Swanson. Plaintiff has not made any factual allegation that would allow the Court to conclude that she took any action as his attorney under color of state law. "Only state actors can be held liable under Section 1983."

---

[2] In considering whether the Complaint fails to state a claim for which relief may be granted, the Court does not look beyond the face of the Complaint. Because Plaintiff also filed a motion seeking to alter, amend, or supplement the pleadings around the same time he filed his "Statement of the Case," the Court has considered the somewhat more detailed allegations in the "Statement of the Case" in determining whether those allegations could be used to amend Plaintiff's Complaint so that it would state a claim. *Cf. Block v. Toyota Motor Corp.*, 795 F. Supp. 2d 880, 886 (D. Minn. 2011) (explaining that amendment of a complaint is futile and should not be granted where the proposed amendment fails to state a claim).

*Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Construing Plaintiff's Complaint in the light most favorable to him, his attorney was acting on his behalf, not as a state actor when she represented him. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) ("The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations."). Thus, Plaintiff's claims against Ms. Swanson must be dismissed because he has failed to allege facts indicating that he has a plausible entitlement to relief.

### III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's Complaint fails to state a claim for which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $400 filing fee.[3] To date, Plaintiff has not paid any portion of that filing fee. Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Court will further recommend that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28

---

[3] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action, but not from paying the filing fee altogether. Section 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

U.S.C. § 1915(g). Finally, the Court will recommend that Plaintiff's other pending motions be denied as moot.

## IV.  RECOMMENDATION

Based on the above, and on all the files and proceedings in this action, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $400.00, in accordance with 28 U.S.C. § 1915(b)(2);

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted"; and

5. Plaintiff's remaining motions for Appointment of Counsel (ECF No. 3), for Hearing of Review/Change of Venue (ECF No. 4); to Alter/Amend/Supplement Pleadings (ECF No. 10); and to Transfer/Change Venue and/or Recusal of the Bench (ECF No. 11), be **DENIED AS MOOT**.

Dated: September 24, 2014

                                               *s/Franklin L. Noel*
                                               Franklin L. Noel
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before October 8, 2014, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words, or 320 lines of text if set in a monospaced font. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.