# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Deago Evan Fox,

                Plaintiff,             **ORDER**

v.                                          Civil No. 14-3125 ADM/FLN

Lower Sioux Tribal Court
and Judge Andrew Small,

                Defendants.

_____

Deago Evan Fox, *Pro Se*.

_____

On August 8, 2014, Deago Fox, a federal prisoner, filed a complaint asserting 42 U.S.C. § 1983 claims against the Lower Sioux Tribal Court and Judge Andrew Small. Compl. [Docket No. 1]. That same day, Fox applied to proceed *in forma pauperis* ("IFP") and requested appointment of counsel [Docket Nos. 2 & 3]. On September 24, 2014, Magistrate Judge Franklin L. Noel recommended that this action be summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915 A(b)(1), concluding that the action was frivolous, malicious, or failed to state a claim on which relief could be granted. Report and Recommendation [Docket No. 13] ("R&R"). Judge Noel additionally recommended denial of Fox's IFP application and required that Fox "pay the unpaid balance of the Court filing fee, namely $400.00, in accordance with 28 U.S.C. § 1915(b)(2)." Id. 9. Fox filed no objections to the R&R, and Judge Noel's recommendations were adopted in full. Order [Docket No. 14].

Fox filed a motion under Federal Rule of Civil Procedure 60(b)(4) for relief from judgment on March 12, 2015. Mot. for Relief from J. Pursuant to Fed. R. Civ. P. 60(b)(1),(4), and (6) [Docket No. 20]. That motion was granted in part, in that the Court adjusted the

judgment amount entered against Fox to $350.[1]  Order [Docket No. 21].  In all other respects, the motion was denied.  Id.

Fox now makes a motion for reconsideration related to his previous Rule 60(b) motion. Mot. to Clarify and Mot. for Recons. [Docket No. 23].  Fox's motion is purportedly an attempt to clarify the arguments he first raised in his motion for relief from judgment as the Order described his reasoning as "somewhat difficult to follow."  Id. 1.  However, the Local Rules for the District of Minnesota state that a motion to reconsider can only be filed after obtaining the Court's permission and only "upon a showing of compelling circumstances."  L.R. 7.1(j).  The current motion will therefore be treated as a request to file a motion for reconsideration.

When evaluating such requests, the Court maintains broad discretion.  Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence. . . .  Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time."  Id. at 414 (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)).  Although his original motion was "somewhat difficult to follow," Fox's arguments were discernable and throughly considered.  The Court has carefully reviewed its previous Order and Fox's current request and concludes that Fox has failed to demonstrate compelling circumstances that would justify reconsideration.

---

[1] Originally, the judgment entered was for $400.00.  This amount reflected the federal court filing fee of $350.00 and an additional $50.00 administrative fee imposed by the district court. However, the Prison Litigation Reform Act (of which § 1915(b)(2) is a part) applies only to the statutory filing fee.  See Vann v. Smith, No. 13-CV-1316, 2013 WL 5676287, at *13 n.6 (D. Minn. Oct. 18, 2013).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Clarify and Motion for Reconsideration [Docket No. 23] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 15, 2015.